UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DARREN WEBSTER,

Plaintiff,

v.

STATE HOSPITAL SOUTH,

Defendants.

Case No. 4:23-cv-000447-BLW

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

## INTRODUCTION

Before the Court is Plaintiff Darren Webster's Application for Leave to Proceed In Form Pauperis (IFP). *See* Dkt. 1. For the reasons explained below, the Court will grant the IFP application but dismiss the complaint with leave to amend.

## ANALYSIS

### 1. The IFP Application

Darren Webster, proceeding pro se, has conditionally filed a complaint against State Hospital South and various individuals identified as follows: "Dr. Orgill," "Dr. Tiffany Christensen," "Clinical Treatment Coordinator Ashton," "Alex C. – charge nurse," and other unnamed "state hospital employees." *See Compl.,* Dkt. 2. Mr. Webster did not pay the filing fee that is typically due when

filing a complaint. Instead, he asks the Court to allow him to proceed *in forma pauperis*.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed Mr. Webster's affidavit, and finds that it sufficiently states facts supporting his alleged poverty. The Court will therefore grant the IFP application.

**2. Screening Requirement & Standard**

The Court will, however, conduct an initial review of Mr. Webster's complaint to determine whether summary dismissal is appropriate. Courts are permitted to conduct such a review of complaints filed *in forma pauperis*, and if the Court chooses to engage in such a review, the governing statute requires

dismissal of the complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**3. Pleading Standards and Screening Requirement**

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

More generally, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not

stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

**4. Mr. Webster's Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

**A. Lack of Clarity in the Alleged Facts**

The Court will dismiss this complaint primarily because the alleged facts are unclear and incomplete. From what the Court can gather, Mr. Webster is being treated at State Hospital South in Blackfoot, Idaho, but it's not entirely clear if he has been involuntarily committed. For purposes of reviewing this complaint, the Court will assume an involuntary commitment, but that should be clarified in any amended complaint. Mr. Webster alleges the following facts:

> "Orgill – false diagnosis and medications contrary to 37 years of treatment dozens of psychiatrists and meds with high success rate (proven)." *Compl.,* Dkt. 2, ¶ III.C.
>
> "Ashton – cannot trust the veracity of this man – I'm given false info. His ethics are highly in Question. I have <u>not</u> spoken to him and refuse when approached (have asked for the alternate clinician)." *Id.*
>
> "Tiffany Christensen prescribed wrong meds. per visit on 8/28/23 and so far refuses to change to appropriate … insulin, Bowel meds, high blood pressure the insulin has caused me to "crash" and could have died! 8/29/23" *Id.*
>
> Alex S.[[1]] – Nurse absolutely <u>refused</u> to give me my meds at med pass [saying] . . . "I want an apology" from you and I will not give the

[1] The complaint is handwritten. It's not clear how many people named Alex are being sued. There could be up to three—Alex S., Alex C., and Alex G.—depending on how you interpret the

> prescribed meds at "med pass" 8/29 @ 3 pm 7pm 10 pm same day." *Id.*

Webster further alleges that on August 29, 2023 at 3:00 p.m., he was "'crashing' from being given way too much insulin . . . ." *Id.* ¶ IV. He told "staff" he needed immediate attention from Nurse "Alex G." but "she never responded." Webster says he then "went into shock and awoke in his closet with absolutely no help!" *Id.* In his prayer for relief, Webster asks for the following:

(1) An examination from a "state certified designated examiner to properly report on my condition or lack thereof." *Id.* On this point, he says he is "suffering from misdiagnosis, wrong medications, threatening nurses and incarceration that if the court sees fit for an outside exam, I will be released from wrongful incarceration." *Id.* ¶ V.

(2) A "'no-contact' order on *all* defendants immediately." *Id.*

(3) $500,000 in damages "from negligence that caused me to come near dying and not knowing the damage caused my allegedly damaged brain." *Id.*

(4) $2 million in punitive damages. *Id.*

In terms of the facts that are alleged, it's not clear who did what. Webster is alleging that somebody—perhaps Dr. Christensen—prescribed too much insulin, which caused him to "crash" on August 29, 2023. He also says he was given a "false diagnosis," but he doesn't say what that diagnosis is, nor does he clearly

---

handwriting referring to "Alex" throughout the complaint. Any amended complaint should clarify this point.

allege who made that diagnosis. Webster does clearly allege that he sought help on August 29, 2023, and that "Nurse Alex" did not respond. But it's not clear who he asked for help, what the situation was when he asked for help, or what information he relayed. Webster also alleges that Nurse Alex refused to supply him with prescribed medications, but it's not clear how that relates to the other allegations in his complaint, or what damages he may have suffered from that alleged refusal. In short, the factual narrative has significant gaps and there is a resulting lack of clarity in terms of the claims that are being alleged. For this reason alone, the Court will dismiss the complaint because, even construing it liberally, the complaint fails to fairly notify defendants of the facts supporting the alleged claims.

**B. Failure to Allege Claims upon Which Relief May be Granted**

The Court will also dismiss the complaint for an additional reason—namely that some defects are apparent even taking the lack of factual clarity into account. Broadly, Mr. Webster seeks to allege a claim under 42 U.S.C. § 1983, based on an alleged violation of his Eighth Amendment rights.

As a threshold matter, however, the first named defendant—State Hospital South—is immune from suit under the Eleventh Amendment. In general, the Eleventh Amendment protects states from being haled into federal court without their consent. U.S. Const. amend. XI; *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 258 (2011). Thus, Mr. Webster cannot pursue the state

hospital in federal court. To the extent he is able to allege claims against the hospital, such claims would need to be pursued in state court. *Accord Felix v. Clendenin*, No. 1:19-cv-01784, 2023 WL 6164250, *1 (E.D. Cal. Sept. 21, 2023) (citing cases).

As for the individual defendants, to the extent Mr. Webster is involuntarily committed and seeks to sue professional defendants (such as doctors or nurses) in their individual capacity, he would need to allege facts showing that these defendants violated what is known as the *Youngberg* professional judgment standard, which is based on the Supreme Court's decision in *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

As a general rule, "involuntarily committed patients in state mental health hospitals have a Fourteenth Amendment due process right to be provided safe conditions by the hospital administrators... [W]hether a hospital administrator has violated a patient's constitutional rights is determined by whether the administrator's conduct diverges from that of a reasonable professional." *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016) (emphasis added; quoting *Ammons v. Wash. Dep't. of Soc. & Health Servs.*, 648 F.3d 1020, 1027 (9th Cir. 2011) ). In other words, a decision, "if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards

as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)). As noted above, this standard has been referred to as the "*Youngberg* professional judgment standard." *Ammons*, 648 F.3d at 1027. "The *Youngberg* standard differs from the 'deliberate indifference' standard used in Eighth Amendment cruel and unusual punishment cases, in that '[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Mitchell*, 818 F.3d at 443 (citing and internal quotation marks omitted). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons*, 648 F.3d at 1029. Mr. Webster has not alleged facts supporting a conclusion that any professional defendant was grossly negligent. For that additional reason, the Court will dismiss Mr. Webster's complaint.

**C. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, he must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). He must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation.

*Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Further, any amended complaint must contain all of the allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's IFP Request (Dkt. 1) is **GRANTED.**

2. Nevertheless, the complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the

Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if he no longer intends to pursue this case.

3. If Plaintiff does not file a timely amended complaint, this case may be dismissed without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

DATED: January 4, 2024

B. Lynn Winmill
U.S. District Court Judge